UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDRA KUNZE,

    Plaintiff,

v.

    Case No: 8:14-cv-1160-T-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Sandra Kunze appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability and Disability Insurance Benefits ("DIB"). For the reasons discussed herein, the decision of the Commissioner is affirmed.

I.     **Issues on Appeal**

There are two related issues on appeal: (1) whether the Administrative Law Judge ("ALJ") properly determined Plaintiff's Residual Functional Capacity ("RFC"); and (2) whether the ALJ presented a complete hypothetical to the Vocational Expert ("VE").

II.     **Procedural History and Summary of the ALJ's Decision**

On August 12, 2010, Plaintiff filed an application for a period of disability and DIB, alleging she became disabled and unable to work on May 15, 2010.[1]  Tr. 148-

---

[1] There are references throughout the record to Plaintiff's alleged onset date being May 15, 2010 and May 15, 2009. *See, e.g.*, Tr. 36 (ALJ's opinion identifying May 15, 2009

49. The Social Security Administration ("SSA") denied her claim initially on March 1, 2011 and upon reconsideration on June 22, 2011. Tr. 101, 103-06; Tr. 102, 112-14. Plaintiff then requested and received a hearing before ALJ Scott T. Miller on November 5, 2012, during which she was represented by an attorney. Tr. 50-92; Tr. 115-16. Plaintiff and VE Dr. Steven Simon testified at the hearing.

On December 5, 2012, the ALJ issued a decision finding that Plaintiff is not disabled and denying her claim. Tr. 34-44. The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2014. Tr. 36. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 15, 2009, the alleged onset date ("AOD"). *Id.* At step two, the ALJ determined that Plaintiff had the following severe impairments: osteoarthritis, fibromyalgia, right hand deficits and major depressive disorder. *Id.* At step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 37. The ALJ expressly considered whether Plaintiff met the requirements of Listing 12.04. Tr. 37-38.

Taking into account the effects from all of Plaintiff's impairments, the ALJ determined that Plaintiff had the RFC to perform unskilled light work. Tr. 38. The

---

as onset); Tr. 57 (May 15, 2009 identified as onset date at the hearing before the ALJ); Tr. 148-49 (Plaintiff's initial disability application identifying onset date as May 15, 2010); Doc. 25 at 2 (Plaintiff's brief identifying the onset date as May 15, 2010); Doc. 26 at 2 (Defendant's brief identifying onset date as May 15, 2009). Although noteworthy, it does not appear this inconsistency has any bearing on the Court's resolution of the appeal.

ALJ found that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms, but her statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the objective medical evidence.  Tr. 39-43.

The ALJ then found that Plaintiff was not capable of performing her past relevant work ("PRW") as a nurse's assistant because that work is semi-skilled and therefore exceeds Plaintiff's RFC.  Tr. 43.  The ALJ determined that Plaintiff is able to perform such representative occupations as order clerk, food and beverage, which is light unskilled work with SVP of 2 and of which there are approximately 165 jobs in the local economy, 800 jobs in the state and 9,000 jobs nationally; cashier, which is light unskilled work with SVP of 2 and of which there are approximately 850 jobs in the local economy, 6,600 jobs in the state and 106,000 jobs nationally; and customer security, which is light unskilled work with SVP of 2 and of which there are approximately 225 jobs in the local economy, 1,700 jobs in the state and 17,000 jobs nationally.  Tr. 44.  Thus, the ALJ found that Plaintiff is not disabled and denied her claim.  *Id.*

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals Council, which was denied on January 10, 2014.  Tr. 1-7, 27-30.  Accordingly, the ALJ's December 5, 2012 decision is the final decision of the Commissioner.  Plaintiff filed an appeal in this Court on May 15, 2014.  Doc. 1.

### III. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

IV. Discussion

  a. *Whether the ALJ properly determined Plaintiff's RFC*

Plaintiff first argues that the ALJ erred by failing to include in her RFC limitations on interacting with the general public and reaching. The Commissioner responds that the ALJ considered all medical source opinions consistent with the Regulations, and he was not required to include limitations in Plaintiff's RFC that he found were not credible.

When an impairment does not meet or equal a listed impairment at step three, as in this case, the ALJ will proceed to step four to assess and make a finding regarding the claimant's RFC based upon all the relevant medical and other evidence in the record. 20 C.F.R. § 404.1520(e). Here, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix

1." Tr. 37. Therefore, the ALJ proceeded to assess and make a finding regarding Plaintiff's RFC.

The RFC is the most that a claimant can do despite her limitations. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, medical signs and laboratory findings, the effects of treatment, daily activities, lay evidence and medical source statements. *Id.*; *see* 20 C.F.R. § 404.1546(c). The determination of a claimant's RFC is within the authority of the ALJ; and the claimant's age, education and work experience are considered in determining the claimant's RFC and the claimant's ability to return to past relevant work. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)). The RFC assessment is based upon all the relevant evidence of a claimant's remaining ability to do work despite impairments. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004); *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)). Provided the ALJ considers all of the evidence, he is not required to specifically and explicitly set forth his findings on a "function-by-function basis" concerning a claimant's functional limitations and work-related abilities. *Freeman v. Barnhart*, 220 Fed. Appx. 957, 959-60 (11th Cir. 2007).

In his decision, the ALJ found that Plaintiff retained the ability to perform light unskilled work. Tr. 38. In doing so, the ALJ stated that he considered all Plaintiff's symptoms and the extent to which they can reasonably be accepted as consistent with the objective medical and other evidence, including opinion evidence, as required by the Regulations. *Id.*; *see* 20 C.F.R. § 404.1529; SSR 96-2p; SSR 96-

5p; SSR 96-6p; SSR 06-3p.  With respect to Plaintiff's interaction with the public, the ALJ acknowledged the reports of state agency medical consultants Dr. Robert F. Schilling and Dr. Lee Reback, who reviewed Plaintiff's medical records on January 20 and June 8, 2011, respectively.  Tr. 42; see Tr. 344-60, 387-403.

Dr. Schilling stated that due to the nature of Plaintiff's impairments, Plaintiff "should maintain limited exposure to the general public *during episodes of exacerbated symptoms*."  Tr. 360 (emphasis added).  Dr. Schilling did not, however, determine that Plaintiff always should avoid contact with the general public, nor did he identify the basis for this opinion.  Although Dr. Schilling recommended that Plaintiff avoid the public when her symptoms are exacerbated, he also stated that she "is able to meet the basic mental demands of competitive work on a sustained basis despite the limitations resulting from any impairment."  *Id.*  Dr. Reback, another state agency consultant, checked a box indicating that Plaintiff would be "moderately limited" in her ability to interact appropriately with the general public, but also stated that "[s]ocially the claimant reports that she feels short tempered and [sic] most of the time. [H]owever she indicated that she [has] never been fired or laid off from her job because of problems getting along with people."  Tr. 402, 403.

The ALJ found that these doctors' opinions, insofar as they determined that Plaintiff should be limited to simple tasks consistent with unskilled work, were supported by the medical evidence and therefore accorded them "some weight."  Tr. 42.  The ALJ noted that to the extent Dr. Schilling and Dr. Reback opined that Plaintiff should avoid contact with the general public, the opinions were contrary to

medical evidence and inconsistent with Plaintiff's presentation at various examinations and during the hearing. *Id.* Accordingly, the ALJ assigned this portion of their opinions little weight, and explained "[t]herefore, no corresponding limitation has been included" in Plaintiff's RFC. *Id.*

Under the Regulations, opinions of examining sources usually are given more weight than nonexamining source opinions. 20 C.F.R. § 404.1527(c)(1). Examining source opinions are evaluated based upon the degree to which they consider all relevant evidence in the record, including the opinions of other medical sources. 20 C.F.R. § 404.1527(c)(3). By contrast, "because nonexamining sources have no examining or treating relationship with [a plaintiff], the weight [the SSA] will give their opinions will depend on the degree to which they provide supporting explanations for their opinions." 20 C.F.R. § 404.1527(c)(3). Any medical source opinion may be discounted when the opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the record as a whole. SSR 96-2p; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004).

Here, Dr. Schilling and Dr. Reback are non-examining sources, and therefore the degree of weight the ALJ may assign to their opinions depends on the explanations in support of their opinions. 20 C.F.R. § 404.1527(c)(3). The ALJ acknowledges Dr. Schilling's and Dr. Reback's opinions that Plaintiff should avoid interacting with the general public, but determined they were entitled to little weight in this area. Notably, he found the opinions inconsistent with the overall evidence,

including those of some of Plaintiff's treating and examining physicians; and under the Regulations he therefore could assign them reduced weight. 20 C.F.R. § 404.1527(c)(3); SSR 96-2p; *Crawford*, 363 F.3d at 1159-60. The ALJ found that Dr. Reback's and Dr. Schilling's opinions that Plaintiff should avoid the public were "inconsistent with [her] presentation and demeanor at [the] hearing and various examinations." Tr. 42. For example, Dr. Miller, one of Plaintiff's treating physicians, described Plaintiff as "pleasant" and expressly stated that Plaintiff had no problems interacting with the doctor or his staff. Tr. 37; Tr. 384. The ALJ also determined these non-examining source opinions were inconsistent with Plaintiff's own reports, in which she stated that she never has been fired from a job due to her inability to interact with others. Tr. 37; Tr. 198. Accordingly, under the Regulations, the ALJ was not required to include in Plaintiff's RFC limitations that he considered and properly rejected as unsupported.

With respect to Plaintiff's argument that the ALJ should have limited Plaintiff only to occasional reaching in light of Single Decisionmaker ("SDM") Julia Layfield's determination that Plaintiff's ability to reach would be limited due to shoulder pain, Tr. 96, which was "affirmed as written" by Dr. Jorge Weksler, Tr. 405, the Court again disagrees.[2] The ALJ acknowledged Dr. Weksler's opinion "that the claimant was capable of light work with occasional postural limitations," but noted that the medical evidence provides little support for postural limitations. Tr. 41. Again, the

---

[2] Plaintiff acknowledges in her brief that SDMs are non-medical sources. Doc. 25 at 6.

Regulations provide for the assignment of weight to non-examining source opinions only to the extent the source sufficiently explains the basis for the opinion. 20 C.F.R. § 404.1527(c)(3). Accordingly, the ALJ rejected the portion of Dr. Weksler's opinion that included postural limitations, and as a result accorded only partial weight to Dr. Weksler's overall opinion. Tr. 41.

The ALJ discussed various medical opinions with which he found Dr. Weksler's opinion inconsistent. For example, the ALJ discussed records of Dr. Edwards who, with respect to Plaintiff's reporting of pain, suggested she may have been malingering. Tr. 40; Tr. 369. Dr. Edwards noted that although Plaintiff reported pain everywhere he touched her, when he distracted her she did not report pain. Tr. 369. Dr. Edwards therefore called into question the reliability of Plaintiff's report of her pain. *Id.* Dr. Edwards also noted that Plaintiff had excellent passive range of motion in all joints, was neurovascularly intact in her upper and lower extremities with normal sensation and deep tendon reflexes and negative Hoffman's bilaterally. *Id.* Dr. Edwards found that Plaintiff "had an essentially normal exam." *Id.* Dr. Edwards also found that Plaintiff was able to take her shoes on and off, open and close doors and complete the patient questionnaire without difficulty. *Id.*

Dr. Miller similarly noted that Plaintiff was able to get on and off the examination table and in and out of a chair, but he also found some evidence of fibromyalgia. Tr. 384. The ALJ acknowledged Dr. Miller's findings of trigger points consistent with fibromyalgia, but determined these results were not entirely reliable based upon Plaintiff's "prior malingering" and "the subjective nature of such

testing." Tr. 40. Moreover, when evaluating Plaintiff's presenting appearance, another doctor, Dr. Kanakis, found that Plaintiff's fine and gross motor coordination appeared to be good. Tr. 376.

The ALJ then discussed other medical records, including a February 2009 MRI of Plaintiff's right shoulder that showed arthritic and degenerative changes of the acromioclavicular ("AC") joint and humeral head, which the ALJ noted was prior to Plaintiff's AOD, and that she subsequently underwent arthroscopic surgery of her right shoulder, which corresponds to her AOD. Tr. 40; Tr. 246. The ALJ cited Plaintiff's diagnosis of osteoarthritis after the surgery, and that she was noted to have decreased range of motion in her right shoulder to extension and internal and external rotation, but also highlighted that Plaintiff attended physical therapy only for one month. Tr. 40; Tr. 253-54; *see* Tr. 257. The ALJ also stated that there is "little evidence" of Plaintiff receiving any medical treatment between June 2010 and mid-2011, when examinations showed that Plaintiff had full muscle strength, normal ROM, symmetrical reflexes and normal sensation. Tr. 40-41. The ALJ stated that Dr. Weksler's opinion was inconsistent with much of the above evidence. Tr. 41.

Upon consideration of the entire record, the Court finds that the ALJ applied the proper legal standards. He discussed the relevant medical evidence, assigned varying weight to medical opinions and sufficiently explained his reasons therefor. The Regulations permit an ALJ to assign reduced weight to medial opinions that are inconsistent with other evidence in the record, or are otherwise unsupported, as the ALJ properly did here when he assigned reduced weight to the opinions of Dr. Reback,

Dr. Schilling and Dr. Weksler. Upon review of the record, the ALJ's RFC determination as a whole is supported by substantial evidence.

### b. *Whether the ALJ presented a complete hypothetical to the VE*

Plaintiff's final argument stands or falls on whether the ALJ properly determined her RFC. Plaintiff contends that because the hypothetical question posed to the VE did not include limitations on Plaintiff's ability to interact appropriately with the general public and reach, the ALJ erred in his reliance on the VE's testimony to find that Plaintiff could perform other work in the national economy. The Commissioner contends that the ALJ's hypothetical was complete as presented to the VE, because he need not include limitations that are not supported by the record and that he previously rejected.

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). While true, the ALJ was not required to include findings in the hypothetical that he had considered and properly rejected. *Crawford*, 363 F.3d at 1161; *see also Aquila v. Colvin*, No. 2:13-cv-658-FtM-DNF, 2015 WL 1293020, at *6 (M.D. Fla. Mar. 23, 2015) ("The ALJ is not required to include or consider any alleged limitations that he properly found unsupported in the VE's hypothetical.") (citing *Crawford*, 363 F.3d at 1161). Because the Court has determined that the ALJ did not err in making his RFC determination and substantial evidence supports the ALJ's RFC finding, Plaintiff's argument fails.

## V. Conclusion

Upon review of the record, the undersigned concludes that the ALJ applied the proper legal standards, and his determination that Plaintiff is not disabled is supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 5th day of June, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record